IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
BECKLEY DIVISION

DANIELLE SHEPPARD,

    Plaintiff,

v.    Civil Action No. 5:24-cv-00256

PRICE GREGORY INTERNATIONAL, LLC,
A Delaware corporation; and WILLIAM GREG
NEWCOMB, individually,

    Defendants.

**PLAINTIFF'S RESPONSE IN OPPOSITION TO
DEFENDANT WILLIAM GREG NEWCOMB'S MOTION STAY DISCOVERY**

Defendant William Newcomb's Motion to Stay Discovery is a brazen and unjustified attempt to delay this litigation and deny Plaintiff her right to redress. After repeatedly agreeing to appear for deposition on dates mutually arranged by the parties, Newcomb now asks the Court to stay discovery to prevent his deposition from moving forward at all. The motion is utterly without merit and should be denied.

**I.    Background**

Plaintiff Danielle Sheppard's claims against Newcomb arise from an assault he perpetrated against her on the property of their mutual employer. ECF No. 1-1, Compl. ¶¶ 13–20. Plaintiff and Newcomb were in a romantic relationship while employed by Defendant Price Gregory International, LLC ("Price Gregory"). *Id.* ¶ 12. The relationship ended in July 2022, though Newcomb attempted to rekindle the relationship many times thereafter. *Id.* ¶¶ 13–15.

On the evening of October 21, 2023, Newcomb placed sixteen unanswered calls to Plaintiff's cellphone. Compl. ¶ 16. Enraged by Plaintiff rebuffing his romantic advances,

Newcomb then went to Plaintiff's home, confronted her with a gun, threw her down, grabbed her by the hair, and threatened to shoot her while holding the weapon to her head. *Id.* ¶¶ 18–20. Price Gregory protected Newcomb after the incident and eventually fired Plaintiff. *Id.* ¶¶ 32–35.

On April 22, 2024, Plaintiff initiated this action in Raleigh County Circuit Court against Price Gregory and Newcomb. *See* Compl. Her Complaint alleges employment claims against both Defendants. *Id.* ¶¶ 42–61 (Counts I – IV). The remaining claims allege intentional torts against Newcomb individually. *Id.* ¶¶ 62–73 (Counts V – VII). Price Gregory removed the action to this Court on May 22, 2024, before Newcomb had been served. ECF No. 1. On August 20, 2024, the Court entered a scheduling order setting this case for trial on July 1, 2025. ECF No. 8.

Mediation took place on September 9, 2024. *See* ECF No. 9. Counsel for Newcomb was present at the mediation and made an offer of settlement. Plaintiff ultimately settled the employment claims against Newcomb and Price Gregory (Counts I – IV) at mediation. The intentional tort claims against Newcomb individually (Counts V, VI, and VII) were not resolved.

Newcomb's counsel formally noted an appearance on September 17, 2024 and accepted service on his client's behalf as of September 11, 2024. ECF Nos. 11, 12. After ignoring a stipulated deadline to file an answer – prompting this Court to enter an Order to show cause – Newcomb filed a motion to remand on November 29, 2024. ECF Nos. 19, 20. Plaintiff opposes the motion. *See* ECF No. 21.

### A. Newcomb's Motion to Remand Has No Support Under the Law.

Newcomb's pending motion to remand has little chance of success. Newcomb objects to Price Gregory's removal without his consent. Though later-served defendants have a right to object to removal, they must do so in a timely manner—within 30 days of service. Newcomb waived his

2

right to object to removal by waiting more than 60 days to file his motion to remand. *See* 28 U.S.C. §§ 1447, 1448. The Court should have little trouble dispensing of the motion to remand.

### B. Newcomb Twice Agreed to Deposition Dates Before Filing the Motion to Stay.

Newcomb is now engaging in a blatant effort to evade and frustrate discovery. His motion to stay suggests that he was prejudiced by a delay in personal service, but it is the dilatory behavior of Newcomb's counsel that has impeded the progress of this case. Newcomb's counsel accepted service on his behalf as of September 11, 2024—more than seven months ago. ECF No. 12. Counsel then waited more than two months before filing the pending motion to remand, *see* ECF Nos. 19, 20, and then another five months before moving to stay discovery. *Not once* in the intervening period did Newcomb contend that he was prejudiced by discovery moving forward as called for by the Court's scheduling order.

Newcomb had ample opportunity to move for a stay at an earlier juncture. Plaintiff first requested deposition dates for Newcomb in November 2024. Ex. A, Letter from Mark A. Atkinson to Steven R. Ruby (Nov. 6, 2024). When Newcomb's counsel ignored the request, Plaintiff asked for Newcomb's availability a second and third time in January 2025. Ex. B, Letter from Mark A. Atkinson to Steven R. Ruby (Jan. 16, 2025); Ex. C, Letter from Mark A. Atkinson to Steven R. Ruby (Jan. 23, 2025). Newcomb's counsel eventually agreed to a deposition on March 18, 2025, before cancelling last minute and agreeing on a new date of April 8, 2025. Then, just hours before the deposition was scheduled to begin, Newcomb filed a motion to stay discovery.

Newcomb's motion to stay was clearly written in haste. The motion does not cite a single case, nor does it explain why Newcomb initially agreed to appear for deposition when he now insists that discovery should not proceed at all. Newcomb also misleads the Court when he suggests that "jurisdictional problem[s]" prevent the case from moving forward. Mtn. to Stay, ECF No. 25

3

at 2. The Court began to properly exercise its diversity jurisdiction over the case nearly a year ago and Plaintiff is entitled to take Newcomb's deposition.

## II.     Legal Standard

"[M]otions to stay discovery are generally disfavored, and the burden on the moving party is relatively heavy." *Ario Mins., LLC v. Diversified Prod. LLC*, No. CV 1:23-00522, 2024 WL 3488075, at *1–2 (S.D.W. Va. July 19, 2024) (citing *Wymes v. Lustbader*, No. WDQ-10-1629, 2012 WL 1819836, at *4 (D. Md. May 16, 2012)). Though the district court has broad discretion to stay discovery, *see Thigpen v. United States*, 800 F.2d 393, 396–97 (4th Cir. 1986), proper exercise of that discretion requires the court to "weigh competing interests and maintain an even balance." *White v. Ally Fin. Inc.*, 969 F. Supp. 2d 451, 462 (S.D.W. Va. 2013). "The party seeking a stay must justify it by clear and convincing circumstances outweighing potential harm to the party against whom it is operative." *Id.* (quoting *Williford v. Armstrong World Indus., Inc.*, 715 F.2d 124, 127 (4th Cir. 1983)); *see also Ario*, 2024 WL 3488075, at *2 (requiring that the party moving to stay discovery "must articulate why the benefits of a stay outweigh the cost of delay with specificity") (citing *Wymes*, 2012 WL 1819836, at *3) (internal quotation marks omitted).

As Judge Faber noted in *Ario*,

> Disruption or prolongation of the discovery schedule is normally in no one's interest. A stay of discovery duplicates costs because counsel must reacquaint themselves with the case once the stay is lifted. Matters of importance may be mislaid or avenues unexplored. A case becomes more of a management problem to the Court when it leaves the normal trial track. While time may heal some disputes, in others it merely permits more opportunity for festering.

2024 WL 3488075, at *1 (citing *Kron Med. Corp. v. Groth*, 119 F.R.D. 636, 638 (M.D.N.C. 1988)). For that reason, "[t]he pendency of a dispositive motion is emphatically not, by itself, sufficient cause to stay discovery." *Id.* at *2 (citations omitted).

4

This Court has identified three factors used in considering a motion to stay discovery: "(1) the interests of judicial economy; (2) hardship and equity to the moving party if the action is not stayed; and (3) potential prejudice to the non-moving party." *White*, 969 F. Supp. 2d at 462 (quoting *Tolley v. Monsanto Co.,* 591 F. Supp. 2d 837, 844 (S.D. W. Va. 2008)).

### III.  Argument

**A.  Staying Discovery Would Not Serve the Interests of Judicial Economy.**

Newcomb argues that discovery should be stayed because his pending motion to remand may "dispose" of the case and because he claims to not know which claims survive after Plaintiff's settlement with Price Gregory. Neither is a legitimate reason to stay discovery. The Court should find that the interests of judicial economy do not support a stay of discovery for three reasons.

*First*, Newcomb's motion has little chance of success. There is no jurisdictional issue here; rather, Newcomb's motion to remand is premised on his lack of consent to removal, which he waived by not objecting within 30 days of service. *See* Pl.'s Resp. to Mtn. to Remand, ECF No. 21; 28 U.S.C. § 1447 (any motion to remand must be lodged within 30 days).

*Second*, Newcomb's claim that he is unaware which of Plaintiff's claims remain active after the settlement with Price Gregory is misleading, if not blatantly untrue. Newcomb's counsel was present at the mediation with Price Gregory and participated in settlement negotiations. To eliminate any possible uncertainty, Plaintiff stipulates here that Counts I, II, III, and IV against Newcomb and Price Gregory were covered by Plaintiff's settlement with Price Gregory. Counts V, VI, and VII against Newcomb individually are the only claims that remain. This is no reason to stay discovery.[1]

---

[1] Indeed, Newcomb makes no effort to explain how staying discovery would clarify the nature of Plaintiff's claims. To the extent Newcomb's counsel had any question about which claims remain live, he need only have conferred with Plaintiff's counsel.

5

*Third*, Newcomb's motion to remand is not dispositive, so no judicial resources will be spared by staying the action. Even if Newcomb's motion is granted and this Court remands the action, Plaintiff's claims will survive and the case will proceed in West Virginia state court. The discovery Plaintiff has requested—namely, Newcomb's deposition—will be necessary either way. *See Tolley*, 591 F. Supp. 2d at 844 (denying motion to stay where "[n]o judicial efficiencies [would] be achieved" by delaying a decision on pending legal question).

### B. Plaintiff Has Been and Will Be Further Prejudiced by a Stay of Discovery and Defendant Newcomb will Suffer No Hardship if the Case Proceeds.

To justify a stay of discovery, Newcomb must present "clear and convincing circumstances outweighing potential harm to the [opposing] party[.]" *White*, 969 F. Supp. 2d at 462. He has wholly failed in this regard, and the Court should summarily deny his motion to stay for this reason alone.

Newcomb's counsel twice agreed to deposition dates for his client without so much as a murmur that discovery was unfair or inappropriate with the remand motion pending. Then, just hours before Newcomb's deposition was set to begin, his counsel filed a motion to stay based on the pendency of a motion filed several months ago. There is simply no legitimate basis for this kind of tactical tap dance. Further, Plaintiff has already suffered prejudice from Newcomb's gamesmanship. Trial is scheduled to begin in July 2025, and discovery has now closed. Plaintiff agreed to a deposition date outside the discovery deadline based on counsel's assurances that Newcomb would appear. Now, with trial just three months away, Plaintiff has been deprived of the deposition of the critical witness in the case.

Further, Newcomb will suffer no undue hardship if he is deposed prior to a ruling on the motion to remand. His deposition will be necessary whether trial of this matter takes place in state or federal court.

### C. Newcomb Has Not Met His Burden to Show He is Entitled to a Protective Order.

As an alternative to a stay of discovery, Newcomb requests–again without citing any supporting authority–the entry of a protective order. Newcomb fails to meet his burden to justify entry of a protective order.

Rule 26(c) and (c)(1) provide as follows:

(1) *In General.* A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending—or as an alternative on matters relating to a deposition, in the court for the district where the deposition will be taken. The motion must include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action. The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following:

(A) forbidding the disclosure or discovery . . . [.]

Fed. R. Civ. P. 26(c)(1).

The party seeking entry of a protective order must show good cause "by demonstrating that specific prejudice or harm will result if no protective order is granted." *Roe v. Marshall Univ. Bd. of Governors*, No. 3:22-CV-00532, 2024 WL 388413, at *2 (S.D.W. Va. Jan. 31, 2024) (quoting *U.S. ex rel. Davis v. Prince*, 753 F. Supp. 2d 561, 565 (E.D. Va. 2010) (internal quotation marks omitted)). A party assumes a "heavy burden" in establishing the need for a protective order which would "totally prohibit[]" a deposition from moving forward. *Id.* (citing *Static Control Components, Inc. v. Darkprint Imaging*, 201 F.R.D. 431, 434 (M.D.N.C. 2001)). "Issuance of a protective order without 'a particular and specific demonstration of fact' constitutes an abuse of discretion." *Bell ex rel. Est. of Bell v. Bd. of Educ. of Cnty. of Fayette*, 225 F.R.D. 186, 195–96 (S.D.W. Va. 2004) (quoting *In re Terra Int'l*, 134 F.3d 302, 306 (5th Cir. 1998)).

7

Newcomb has not shown good cause for a protective order. He fails to identify *any reason* why his deposition should not move forward, other than the apparent fact that he wishes to avoid liability for as long as possible. Granting a protective order on this deficient showing would be contrary to law, to say nothing of the injustice that would result to Plaintiff, who has a right to discover her claims and take testimony from this witness.

## IV.     Conclusion

For these reasons, Plaintiff respectfully requests that the Court deny Defendant Newcomb's Motion to Stay Discovery and alternative request for entry of a protective order.

DANIELLE SHEPPARD
By Counsel

*/s/ Natalie R. Atkinson*
Natalie R. Atkinson (WVSB #12030)
Mark A. Atkinson (WVSB #184)
ATKINSON & FRAMPTON, PLLC
2306 Kanawha Boulevard East
Charleston, WV  25311
(304) 346-5100
natkinson@amplaw.com

# IN THE UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF WEST VIRGINIA
# BECKLEY DIVISION

DANIELLE SHEPPARD,

    Plaintiff,

v.                                                                         Civil Action No. 5:24-cv-00256

PRICE GREGORY INTERNATIONAL, LLC,
A Delaware corporation; and WILLIAM GREG
NEWCOMB, individually,

    Defendants.

## CERTIFICATE OF SERVICE

    I, the undersigned counsel for Plaintiff, do hereby certify that on March 13, 2024, I electronically filed this "PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT WILLIAM GREG NEWCOMB'S MOTION TO STAY DISCOVERY" with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to:

Steven R. Ruby (WVSB #10752)
Raymond S. Franks (WVSB #6523)
CAREY, DOUBLAS KESSLER & RUBY, PLLC
707 Virginia Street East, Suite 901
Charleston, WV 25301
sruby@cdkrlaw.com
rfranks@cdkrlaw.com

John D. Wooten, Jr. (WVSB #10571)
WOOTON, DAVIS, HUSSELL & JOHNSON, PLLC
P.O. Box 2600
Beckley, WV 25802
jody.wooton@wdhjlaw.com

                                                                             */s/ Natalie R. Atkinson*
                                                                            Natalie R. Atkinson (WVSB # 12030)
                                                                            ATKINSON & FRAMPTON, PLLC
                                                                            2306 Kanawha Boulevard East
                                                                            Charleston, WV 25311
                                                                            (304) 346-5100
                                                                            natkinson@amplaw.com