## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### AT BECKLEY

DANIELLE SHEPPARD,

    Plaintiff,

v.                                                      CIVIL ACTION NO. 5:24-cv-00256

PRICE GREGORY INTERNATIONAL, LLC
*a Delaware corporation* and
WILLIAM GREG NEWCOMB, *individually*,

    Defendants.

### MEMORANDUM OPINION AND ORDER

    Pending is Defendant William Greg Newcomb's Motion to Remand, or in the Alternative, to Dismiss for Lack of Subject-matter Jurisdiction [ECF 19], filed November 29, 2024. Plaintiff Danielle Sheppard responded in opposition on December 12, 2024. [ECF 21]. Mr. Newcomb did not reply. Also pending is Mr. Newcomb's Motion to Stay Discovery [ECF 25], filed April 8, 2025, to which Ms. Sheppard responded in opposition on April 13, 2025, [ECF 26]. The matters are ready for adjudication.

### I.

    This case presents a unique issue: a defendant who objects to the removal of a case that occurred prior to his appearance and a plaintiff who opposes remand.

    Ms. Sheppard instituted this action against Mr. Newcomb and Defendant Price Gregory International, LLC ("Price Gregory"), a Delaware corporation, in the Circuit Court of Raleigh County on April 22, 2024. [ECF 1-1]. The Complaint alleges seven state law claims against the Defendants as follows: (1) gender discrimination in violation of the West Virginia Human Rights

Act ("Human Rights Act"), *West Virginia Code* section 5-11-9, (2) retaliatory discharge in violation of West Virginia public policy, (3) retaliation/aiding and abetting in violation of the Human Rights Act, (4) hostile work environment in violation of the Human Rights Act, (5) assault, (6) battery, and (7) false imprisonment. [*Id.*].

On May 22, 2024, Price Gregory removed on diversity grounds. [ECF 1]. At the time of removal, Mr. Newcomb had not been served. [*Id.* at ¶ 1]. On September 17, 2024, Mr. Newcomb appeared by counsel and "accept[ed] service of the Complaint as of September 11, 2024." [ECF 12]. The parties then stipulated that Mr. Newcomb would have until November 1, 2024, to respond to the Complaint. [ECF 13]. The deadline was later extended to November 29, 2024. [ECFs 17, 18].

On November 29, 2024, Mr. Newcomb moved to remand due to his lack of consent at the time of removal. [ECF 20 at 3–4]. Alternatively, Mr. Newcomb contends that a settlement of the employment-based claims between Ms. Sheppard and Price Gregory results in an amount in controversy below $75,000, divesting the Court of subject matter jurisdiction. [*Id.* at 4]. On April 8, 2025, Mr. Newcomb moved to stay discovery pending the Court's ruling on his dismissal motion. [ECF 26].

## II.

Title 28 U.S.C. § 1441 authorizes removal jurisdiction and provides pertinently as follows:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a); *see Aetna Health Inc. v. Davila*, 542 U.S. 200, 207 (2004); *Mayor & City Council of Balt. v. BP P.L.C.*, 31 F.4th 178, 197 (4th Cir. 2022). Pursuant to 28 U.S.C. § 1332,

federal district courts "have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a)(1); *see Wideman v. Innovative Fibers LLC*, 100 F.4th 490, 495 (4th Cir. 2024) (describing the "statutory font of diversity jurisdiction" under § 1332(a)(1)); *Elliott v. Am. States Inc. Co.*, 883 F.3d 384, 394 (4th Cir. 2018).

Title 28 U.S.C. § 1446 governs the procedure for removal of civil actions to federal courts. Subsection (b)(2) provides as follows:

(A) When a civil action is removed solely under section 1441(a) [28 USCS § 1441(a)], all defendants who have been properly joined and served must join in or consent to the removal of the action.

(B) Each defendant shall have 30 days after receipt by or service on that defendant of the initial pleading or summons described in paragraph (1) to file the notice of removal.

(C) If defendants are served at different times, and a later-served defendant files a notice of removal, any earlier-served defendant may consent to the removal even though that earlier-served defendant did not previously initiate or consent to removal.

28 U.S.C. § 1446(b)(2); *see Hartford Fire Ins. Co. v. Harleysville Mut. Ins. Co.*, 736 F.3d 255, 259 (4th Cir. 2013) ("The Supreme Court has construed [28 U.S.C. §§ 1441(a) and 1446] to require all defendants in a case to join in or consent to removal, creating the so-called 'rule of unanimity.'"); *Mayo v. Bd. of Educ.*, 713 F.3d 735, 741 n.1 (4th Cir. 2013) (stating that § 1446(b)(2) "now explicitly requires consent").

### III.

A. ***Mr. Newcomb Waived Any Objection to Removal by Failing to Timely Move for Remand***

Mr. Newcomb contends the rule of unanimity requires remand as he did not consent to removal.

3

Title 28 U.S.C. § 1448 preserves a defendant's right to move for remand if she does not consent to a removal occurring prior to her receipt of process. *See* 28 U.S.C. § 1448 ("This section shall not deprive any defendant upon whom process is served after removal of his right *to move* to remand the case.") (emphasis added). The right reserved is not a right to remand; it is a right to move to remand.

Under 28 U.S.C. § 1447(c), "[a] motion to remand the case on the basis of any defect other than lack of subject-matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a)." 28 U.S.C. § 1447(c); *see Doe v. Blair*, 819 F.3d 64, 67 (4th Cir. 2016) (stating that "a remand based on a defect other than lack of subject-matter jurisdiction must be effected by granting a timely filed motion") (citation omitted); *Cades v. H & R Block, Inc.*, 43 F.3d 869, 873 (4th Cir. 1994) ("A motion to remand the case because of a defect in removal procedure must be made within 30 days after filing the notice of removal."). Section 1447(c) does not limit the timeframe to objecting plaintiffs; and § 1448 does not have a time limit for later-served defendants. It is apparent, however, that Congress has spoken: in the usual case following removal, the 30-day period prescribed by § 1447(c) controls. There does not appear to be a basis for not construing that same 30-day period to apply to the unusual circumstances herein.

Failure to timely move for remand results in a waiver of the right. *See Payne ex rel. Est. of Calzada v. Brake*, 439 F.3d 198, 203 (4th Cir. 2006) (concluding that non-compliance with the rule of unanimity is a waivable "error in the removal process," rather than a defect in subject-matter jurisdiction); *Ellenburg v. Spartan Motors Chassis, Inc.*, 519 F.3d 192, 199 (4th Cir. 2008) (quoting *Matter of Cont'l Cas. Co.*, 29 F.3d 292, 294 (7th Cir. 1994)) ("Procedural defects in removal are . . . similar to the lack of personal jurisdiction and other shortcomings that may be waived or forfeited."); *see also Lloyd v. Cabell Huntington Hosp., Inc.*, 58 F. Supp. 2d 694, 697–98 (S.D. W. Va. 1999) (stating that "the failure of all defendants to join in the removal notice constitutes a

procedural defect, which may be waived if not objected to within 30 days after filing of the removal notice").

When Price Gregory filed its Notice of Removal [ECF 1] on May 22, 2024, Mr. Newcomb had not been served. Price Gregory's notice of removal was thus consented to by all defendants who had then been "properly joined and served." 28 U.S.C. § 1446(b)(2)(A). Once Mr. Newcomb appeared and waived service on September 17, 2024, he had 30 days to either consent to removal or move to remand for non-jurisdictional defects pursuant to 28 U.S.C. § 1447(c). Mr. Newcomb failed to object, however, until filing the instant motion on November 29, 2024 -- over two months after he first appeared. His motion to remand is untimely, and his objections to removal based on procedural defects are waived.

**B.    *The Court Retains Subject-Matter Jurisdiction after the Dismissal of Price Gregory***

Mr. Newcomb also moves to dismiss the Complaint for lack of subject matter jurisdiction. [ECF 19]. He first contends the Complaint is silent as to the amount of damages sought and that, in removing the case, Price Gregory "relied exclusively on its own contentions about the damages that might arise from the Employment Counts." [ECF 20 at 4]. He next asserts that settlement of the employment claims between Ms. Sheppard and Price Gregory eliminates consideration of the value of those claims in calculating the amount in controversy. [*Id.*] Without including potential damages from those claims, Mr. Newcomb asserts that the threshold cannot be met and diversity jurisdiction no longer exists. [*Id.*].

First, courts have long held that jurisdiction "is fixed at the time the complaint or notice of removal is filed." *Dennison v. Carolina Payday Loans, Inc.*, 549 F.3d 941, 943 (4th Cir. 2008) (citing *Mollan v. Torrance,* 22 U.S. (9 Wheat.) 537, 539, 6 L.Ed. 154 (1824)); *Francis v. Allstate Ins. Co.*, 709 F.3d 362, 367 (4th Cir. 2013) (quoting *Alabama Great S. Ry. Co. v.*

5

*Thompson,* 200 U.S. 206, 216 (1906)) ("The removability of a case 'depends upon the state of the pleadings and the record at the time of the application for removal . . . .'").

> [J]ust as a plaintiff's complaint sufficiently establishes diversity jurisdiction if it alleges that the parties are of diverse citizenship and that "[t]he matter in controversy exceeds, exclusive of interest and costs, the sum specified by 28 U.S.C. § 1332," so too does a removing party's notice of removal sufficiently establish jurisdictional grounds for removal by making jurisdictional allegations in the same manner.

*Ellenburg*, 519 F.3d at 200 (citation omitted); *see Scott v. Cricket Commc'ns, LLC*, 865 F.3d 189, 195 (4th Cir. 2017) (stating that "the liberal rules of pleading apply to removal allegations") (citation omitted).

"While a defendant filing a notice of removal under 28 U.S.C. § 1446(a) need only allege federal jurisdiction with a short plain statement -- just as federal jurisdiction is pleaded in a complaint -- when removal is challenged, the removing party bears the burden of demonstrating that removal jurisdiction is proper." *Bartels by & through Bartels v. Saber Healthcare Grp., LLC*, 880 F.3d 668, 680 (4th Cir. 2018) (quoting *Strawn v. AT&T Mobility LLC*, 530 F.3d 293, 296–97 (4th Cir. 2008)); *see Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 87 (2014) (instructing that "the defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court"); *Wideman*, 100 F.4th at 495 n.4 (concluding that the amount in controversy threshold was satisfied because "in their notice of removal, Defendants alleged that the amount in controversy exceeds $75,000, and Plaintiffs did not contest that claim"); *Jackson v. Home Depot U.S.A., Inc.*, 880 F.3d 165, 170 (4th Cir. 2018), *aff'd*, 587 U.S. 435 (2019) ("In *Dart Cherokee*, the Supreme Court held that a defendant's notice of removal need only include a plausible allegation that the amount in controversy exceeds the jurisdictional threshold."). "The key inquiry in determining whether the amount-in-controversy requirement is met is not what the plaintiff will actually recover but 'an estimate of the amount that will be put at issue

6

in the course of the litigation.'" *Scott*, 865 F.3d at 196 (citing *McPhail v. Deere & Co.*, 529 F.3d 947, 956 (10th Cir. 2008)).

The amount-in-controversy burden rested with Price Gregory at removal. *See Bartels*, 880 F.3d 668, 680 (4th Cir. 2018) (stating that "defendants, as the parties invoking the jurisdiction of the federal courts, were obligated to demonstrate the existence of subject-matter jurisdiction"). Price Gregory met that burden, stating in its Notice of Removal as follows:

> Although Plaintiff's Complaint does not state a specific monetary amount of damages, she contends that, as a result of the Human Rights Act violations, she suffered lost wages and benefits, back pay, front pay, damages for indignity, embarrassment and humiliation, and punitive damages. . . . Assuming Plaintiff is successful, lost wages and benefits alone could easily surpass the jurisdictional amount. . . . Likewise, emotional distress damages, standing alone, can easily approach or surpass the $75,000 threshold.

[ECF 1 at ¶¶ 15–16]. Indeed, by arguing that "the amount in controversy *no longer* exceeds $75,000," Mr. Newcomb concedes that it did, originally, meet the threshold. [ECF 20 at 5] (emphasis added). His attempt to now tamper with the amount in controversy satisfied at removal thus fails.

Moreover, Mr. Newcomb's assertion that the employment claims have been released is a red herring. The Stipulation of Dismissal states that it "does not [affect] Plaintiff's claims against [Mr.] Newcomb." [ECF 22 at 1]. And the Complaint clearly includes Mr. Newcomb in each claim, including the employment claims. *See, e.g.,* [ECF 1-1 at ¶ 44 (asserting injury as to Count One "[a]s a direct and proximate result of the *defendants'* actions") (emphasis added)]; [*Id.* at ¶ 47 (contending as to Count Two that "*Defendants'* actions constituted unlawful retaliatory discharge") (emphasis added)]; [*Id.* at ¶ 52 (arguing in Count Three that "[t]he *defendants* engaged in reprisals or other discriminatory actions") (emphasis added)]; [*Id.* at ¶ 57 (claiming in Count Four that "*Defendants'* actions/inactions constituted sexual harassment and/or created a hostile work environment") (emphasis added)].

7

IV.

For the foregoing reasons, Defendant Newcomb's Motion to Remand, or in the Alternative, to Dismiss for Lack of Subject-matter Jurisdiction [**ECF 19**], is **DENIED**. Further, Mr. Newcomb's Motion to Stay Discovery [**ECF 25**] is **DENIED as moot**.

The Court **DIRECTS** the Clerk to send a copy of this written opinion and order to counsel of record and to any unrepresented party.

ENTER: April 14, 2025

Frank W. Volk
Chief United States District Judge